The opinion of the Court was delivered by
Withers, J.
The case presented is this: Penal bond, of date 18th February, 1846, with condition of defeasance, provided that one thousand six hundred and sixty-four dollars and thirty-four cents be paid on the 1st January, 1847, with interest from date payable annually. The circuit decision is, that the interest which accrued annually, after the expiration of the first year, did not bear interest, but that after the 18th day of February, 1847, simple interest without annual rests, was all that was recoverable.
.It is certainly true that this question should be at rest, and it is believed, that it is capable of adjudication upon grounds of law and argument free from just exception.
Within the period of the stipulated credit, when the interest is to be paid annually, no one questions, that interest should be computed on the interest from the respective periods fixed for the payment. (Gibbs vs. Chisholm, 2 N. & McC. 38; Singleton vs. Lewis, Exor., 2 Hill, 408; O’Neall vs. Sims, 1 Strob. 115; DeBruhl vs. Neuffer, Id. 426.) Thus much we must regard as settled upon an immovable foundation of authority *81 in the books of reports, reinforced by innumerable instances of conformity in circuit decisions and transactions of daily occurrence. The cases cited, especially Gibbs vs. Chisolm, will show, that the doctrine stated has been fully discussed, upon considerations moral and legal, with a consideration of cases, English and American, in law and equity, and with dissent in the Court at first, (vide Gibbs vs. Chisolm,) reconciled subsequently, (vide Singleton vs. Lewis.)
But the question now before us presents a variation from some of our cases, but not from all of them. It is a case where the specific credit has expired; — and shall the terms, “ with interest payable annually,” be applied to the interest annually accruing, at the period of each year following the time set for the payment of the principal ? .
Why should they not so apply, when they were so intended by the parties ? Undoubtedly they must, if the law do not forbid.
There can be no law to- forbid, unless it can be found in the legislation upon usury. That forbids one to te take, directly or indirectly, for loan of any monies, &e., above the value of seven pounds for the forbearance of one hundred pounds for one year, and so after that rate for a greater or lesser sum, or for a longer or shorter time.”
We have already seen that it is not unlawful, (that is, not usurious,) to compute interest upon the interest, promised to be paid at the expiration of each year, within the period of credit, expressly stipulated. But this decides the whole question ; for it only remains, in each case, to ascertain what the debtor has promised; whether he’ intended to promise to pay interest annually, beyond the time fixed for the payment of the principal, if forbearance should extend beyond that time: for if he did, there is no more usury in applying the same rule of computation to the year next following than to that next preceding that time. The matter is thus solved: a party promises to pay at a given time one hundred dollars, with interest from a given time. At the day of payment what is *82 due ? The principal and interest. Prom that time what is forborne? Not the principal only, but all as to which default is made, to wit., the principal and interest; both are .equally payable at the time. So it is not the forbearanee of one hundred dollars merely but of more. And where the contract (whether expressly or by legal implication) extends to another succeeding period of time when the interest is again payable, there is another sum, at such time, in addition to the principal, again forborne. It is at last but seven per cent, per annum, or at that rate, for the forbearance of one hundred dollars, or of a greater or less sum.
Singleton vs. Lewis presents a direct authority for the application of this rule of computing interest upon interest accrued, for1 years succeeding the time fixed for payment of the principal. In' that case the credit for the latter expired in one year from date, according to the terms used. Yet the promise was “ with lawful interest payable annually.” The necessary implication was, that the debtor promised to pay interest annually for a period beyond the first year, else the words, to that purport, would avail nothing whatever, inasmuch as the interest due a year after date would have drawn interest without them. It was said in O’Neall vs. Sims, “ that in all cases in which the Compounding of interest, whilst the collection of the principal during the whole time is at the discretion of the creditor, seem to savor of usury, or may by abuse, be perverted to the purposes of the usurer.”
That which touches the question of mutuality in a contract need not affect the question of usury. There can be no illegality, for any reason, in a promise to pay one hundred dollars with interest, at the end of a year, and if not then paid, and so long as the same may remain unpaid, thet interest thereon shall be paid annually, and if this can be gathered from the contract to be the agreement, it is not obvious how the mere fact that the creditor is at liberty to sue for his money, in any case, will make that usury which is not so for some other reason. In the *83 case of Eaton, and others, vs. Bell, and others, 7 Eng. C. L. 13, Bankers who advanced money, made half yearly rests, and carried the interest to the principal and computed interest on the aggregate, indulging for a considerable space of time, and this mode of computation, being acquiesced in, was ratified by the King’s Bench and held free from the taint of usury. That Court referred to and recognized the doctrine of Lord Eldon in Ex parte Bevan, 9 Ves. 223, that a prior contract for a loan for twelve months, to settle the balance at the end of six months, and convert the interest then accrued into principal, would be bad for usury, yet that the same thing actually done at the end of six months, and a stipulation to forbear such aggregate would be legal. Kelly on Usury, Law Library, No. 65, p. 48, supposes such dicta must be understood as applying to mortgages of real property only. It is finally to be remarked, that if at the end of each year, a party may give an interest bearing note for the interest, which notes would be unquestionably valid, there can be no reason why at the inception of the contract he may not provide terms that shall produce the selfsame result. Of course an inference that the parties agreed for compound interest may be drawn from their dealings in like manner as the inference may be' drawn, from the same source, as to simple-interest. - .
We adjudge that the plaintiff in the present case was entitled to compute interest upon the interest falling due each year as was allowed in Singleton vs. Lewis, the terms importing that agreement being at least as clear in the present case as in that.
The motion is therefore granted.
W hitner and Munro, JJ., concurred.
Glover, J., did not hear the' argument, nor O’Neall, J., who is plaintiff.

Motion granted.